IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRANDON EXUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-CV-0152-DGK |
| ) | |
| FINGERPRINT MARKETING, INC., and ) | |
| MEDTHINK, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

This pro se employment discrimination lawsuit arises from Plaintiff's allegations that Defendants discriminated against him based on his race, sex, and disability, and then retaliated against him for reporting this treatment.

Now before the Court is Defendants' Motion to Compel Arbitration, ECF No. 7; Defendants' Motion to Stay Proceedings Pending Ruling on Defendant's Motion to Compel Arbitration, ECF No. 9; Plaintiff's Motion for Sanctions and to Compel Discovery, ECF No. 10; Plaintiff's Motion to Deny Defendants' Motion to Compel Arbitration, ECF No. 13; and Plaintiff's Motion for Leave to File Out of Time, ECF No. 18. Defendants contend that the parties entered into a valid and enforceable agreement to arbitrate Plaintiff's claims. Plaintiff responds that Defendants have waived any right to arbitration by engaging in litigation by participating in the EEOC investigation and waiting until this litigation was underway before moving to enforce the arbitration agreement. Plaintiff also alleges bad faith.

As a preliminary matter, Plaintiff's motion for leave to file his Motion to Deny Defendants' Motion to Compel Arbitration out of time is GRANTED. And, after carefully considering all the

arguments raised in all the briefing, Defendants' Motion to Compel Arbitration is GRANTED for the following reasons.

Arbitration is strongly favored under federal law. *See Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001). Congress enacted the Federal Arbitration Act ("FAA") to overcome courts' traditional reluctance to enforce arbitration agreements. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 270 (1995). The FAA provides that arbitration agreements are presumptively valid and enforceable,[1] and it embraces a "liberal federal policy favoring arbitration agreements." 9 U.S.C. § 2; *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). The FAA provides for stays of proceedings in federal district courts when an issue is referable to arbitration, and for orders compelling arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991).

To determine whether a particular dispute must be arbitrated, a court must decide whether there is a valid agreement to arbitrate; and, if so, whether the dispute falls within the scope of the agreement. *Simmons Foods, Inc. v. H. Hahmood J. Al-Bunnia & Sons Co.*, 634 F.3d 466, 468 (8th Cir. 2011) (citing *Lyster*, 239 F.3d at 945). "State contract law governs the threshold question of whether an enforceable arbitration agreement exists" between the litigants. *Bank of Am., N.A. v. UMB Fin. Servs., Inc.*, 618 F.3d 906, 912 (8th Cir. 2010).

In this case, Defendants have demonstrated that Defendant MedThink, LLC, a subsidiary of Defendant Fingerpaint Marketing, Inc., had a written agreement with Plaintiff to arbitrate all disputes arising out of their employment relationship, and that Plaintiff's allegations are covered

---

[1] "A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

by this agreement. Defendants have also demonstrated that the agreement delegates the question of arbitrability to the arbitrator. Finally, Plaintiff's argument that the Court should deny the motion because Defendants have waived any right, or that the motion is brought in bad faith, is unavailing. Consequently, Defendants' Motion to Compel Arbitration, ECF No. 7, is GRANTED, and Plaintiff's Motion to Deny Defendants' Motion to Compel Arbitration, ECF No. 13, is DENIED.

The Court ORDERS the parties to submit Plaintiff's claims to arbitration before the American Arbitration Association as set forth in the arbitration agreement, ECF No. 8-2.

This case shall be stayed while the parties pursue arbitration. The parties shall file an update with the Court every ninety days on the status of the arbitration. If the arbitration does not proceed in a timely fashion, the Court may lift the stay and allow the litigation to proceed in this forum.

Defendants' Motion to Stay Proceedings Pending Ruling on Defendant's Motion to Compel Arbitration, ECF No. 9, and Plaintiff's Motion for Sanctions and to Compel Discovery, ECF No. 10, are DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:  May 27, 2025  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT